IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BAUSCH & LOMB AMERICAS INC., BAUSCH + LOMB CORPORATION, BAUSCH + LOMB IRELAND LIMITED<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE COMPLAINT UNDER SEAL**

Plaintiff National Fire & Marine Insurance Company ("NFMI"), by and through its undersigned counsel, moves, pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3, for leave to file its complaint in this action (the "Complaint" or "Compl.") under seal, and respectfully states as follows:

1. This is an action seeking a declaration of NFMI's rights and obligations with respect to Defendants Bausch & Lomb Americas Inc. ("Bausch Americas"), Bausch + Lomb Corporation ("Bausch Corporation"), and Bausch + Lomb Ireland Limited ("Bausch Ireland," and together with Bausch Americas and Bausch Corporation, "Bausch") under a certain excess policy of insurance issued to Bausch Americas by NFMI.

2. This dispute originates from the 2023 sale of Xiidra, a nationally marketed prescription eye drop solution, to Bausch Ireland through a Stock and Asset Purchase Agreement dated June 30, 2023 (the "Acquisition Agreement"). Gemini Insurance Company ("Gemini"),

along with NFMI and other excess insurers, issued insurance policies in connection with the transaction.

3.  NFMI seeks to file the Complaint under seal to protect judicial records that Bausch may regard as "sources of business information that might harm [Bausch's] competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

4.  This is not the first forum in which the parties have litigated the operative facts underlying the Complaint. Bausch filed suit against Gemini Insurance Company ("Gemini") and certain excess insurers, including NFMI, in the Thirteenth Judicial District Court of Louisiana in Evangeline Parish, Louisiana, Docket No. 82291-B (the "Louisiana Action"). Bausch filed a motion to have the Louisiana Action sealed and the court granted that motion.

5.  Shortly thereafter, on January 12, 2026, Gemini initiated a declaratory judgment action against Bausch in the Court of Chancery of the State of Delaware (the "Delaware Chancery Action"), naming NFMI and others as nominal defendants, principally seeking to restrain Bausch from pursuing the Louisiana Action under a controlling forum selection provision (the "Forum Selection Provision"). *See Gemini Insurance Comp any v. Bausch & Lomb Americas Inc.*, C.A. No. 2026-0048-JTL. NFMI joined Gemini in seeking an anti-suit injunction.

6.  When filing its opposition to Gemini's and NFMI's motions, the insurers filed some of their papers and exhibits under seal, and Bausch Americas (the only Bausch entity to enter an appearance in the Delaware Chancery Action) filed all of its papers and exhibits under seal pursuant to Chancery Court Rule 5.1(b), which permits parties to make confidential filings where, *inter alia*, "public access to the information will cause particularized harm" and "where the magnitude of the harm from public access to the information outweighs the public interest in the information." Ct. Ch. R. 5.1(b)(2)(C) & (D).

7. The sealed papers and exhibits filed in the Delaware Chancery Action feature many sources of information cited in and/or attached to the Complaint. These include, for example, the Acquisition Agreement, the Followed Policy (as defined at Compl. ¶ 22), and the NFMI Excess Policy (as defined at *id.* ¶ 21).

8. NFMI cannot speak to the reasoning underlying Bausch Americas' decision to make sealed filings in the Delaware Chancery Action. Nonetheless, out of an abundance of caution and out of respect for any privacy interests Bausch may have or seek to assert with respect to filings in this action, NFMI requests that the Court permit the Complaint to be filed under seal so that Bausch has the opportunity to protect itself from any harmful disclosures here.

9. Under federal law, the Court may seal judicial records where "the material is the kind of information that courts will protect" and where "disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). For example, courts protect "sources of business information that might harm a litigant's competitive standing," *Littlejohn*, 851 F.2d at 678, as well as trade secrets "or commercial information," *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012) (quoting Fed. R. Civ. P. 26(c)). The decision to seal judicial records rests within the Court's "sound discretion . . . to be exercised in light of the relevant facts and circumstances." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589 (1978).

10. The Complaint contains commercial information that might harm Bausch's commercial standing, including specific details about Bausch Ireland's acquisition of Xiidra, potentially commercially sensitive terms of the "STRICTLY CONFIDENTIAL" Acquisition Agreement, and the terms of insurance coverage issued to Bausch under the Followed Policy and Excess Policy.

11. NFMI cannot predict what disclosures Bausch may seek to protect itself against or what grounds it may have for doing so. As such, NFMI requests that the Court permit the Complaint to be filed under seal so that Bausch has the opportunity, if it so elects, to argue against the disclosure of certain information as harmful to its interests.

Dated: February 18, 2026

**MELUNEY ALLEMAN & SPENCE, LLC**

<u>*Sean A. Meluney*</u>
Sean A. Meluney (#5514)
Matthew D. Beebe (#5980)
1143 Savannah Rd., Suite 3-A
Lewes, DE 19958
(302) 551-6740
sean.meluney@maslawde.com
matt.beebe@maslawde.com

*Counsel to National Fire*
*& Marine Insurance Company*

*Of Counsel*:
Nancy Adams
Alec J. Zadek
**MINTZ, LEVIN, COHN,**
**FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
(617) 542-6000
nadams@mintz.com
azadek@mintz.com

James Rapore
**MINTZ, LEVIN, COHN, FERRIS,**
  **GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA  90067
(310) 586-3200
jarapore@mintz.com